UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FARUK BILIR, OZKAN KARAVELIOGLU, and ILHAN GOKSU, *on behalf of themselves and all other persons similarly situated,*<br><br>Plaintiffs,<br><br>-against-<br><br>PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, ONUR OZBINAR, IHSAN ORUC and KUBILAY HAN BASCAVUS,<br><br>Defendants. | Case No.: 2:23-cv-13643<br><br>**COMPLAINT**<br><br>**COLLECTIVE AND CLASS ACTION** |

Plaintiffs, FARUK BILIR, OZKAN KARAVELIOGLU, and ILHAN GOKSU ("Plaintiffs"), on behalf of themselves and all others similarly situated, by his attorneys of record, Sacco & Fillas, LLP, complaining of PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, ONUR OZBINAR, IHSAN ORUC and KUBILAY HAN BASCAVUS (Collectively, "Defendants"), respectfully alleges, upon information and belief, as follows:

1. **NATURE OF THE COMPLAINT**

   1.       This is a wage and hour action. Plaintiffs seek to recover unpaid minimum and overtime wages, statutory and liquidated damages, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and New Jersey law.

   2.       Additionally, Plaintiffs bring claims for retaliation, assault, battery, intentional infliction of emotional distress, and violations of New Jersey's Conscientious Employee Protection Act and seek economic and non-economic damages, punitive damages, attorney's fees, costs, interest and expenses and such other and further relief as this Court deems just.

2. **JURISDICTION AND VENUE**

   3.       This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' claims under the

N.J.S.A. § 34:11-56a, et seq., and N.J.S.A. § 11:4-1 et. seq.

4.    Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") is located and operated by Defendants in the District of New Jersey at 32 Riverview Drive, Wayne, NJ 07470.

## 3.  PARTIES

### 3.1.  Plaintiff FARUK BILIR

5.    Defendants employed Plaintiff FARUK BILIR from approximately August 1, 2022, to November 28, 2022.

6.    Plaintiffs FARUK BILIR's job title was Warehouse Worker and IT.

7.    Plaintiff FARUK BILIR's work included packaging, cleaning, carrying orders, preparing packages, labeling, cleaning, and data entry.

8.    Plaintiff FARUK BILIR's worksite address was located at 32 Riverview Dr., Wayne, NJ 07470.

9.    Plaintiff, FARUK BILIR, was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

10.    Throughout his employment, Plaintiff, FARUK BILIR, was an employee of Defendants within the meaning of the FLSA and New Jersey state law.

### 3.2.  Plaintiff OZKAN KARAVELIOGLU

11.    Plaintiff OZKAN KARAVELIOGLU worked for Defendants from approximately October 17, 2022, to March 22, 2023.

12.    Plaintiff OZKAN KARAVELIOGLU was employed as a warehouse worker whose tasks included packaging and making repairs, warehouse work, cleaning, and organizing.

13.    Plaintiff OZKAN KARAVELIOGLU was engaged in the production or in the

handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

14. Throughout his employment, Plaintiff, OZKAN KARAVELIOGLU, was an employee of Defendants within the meaning of the FLSA and New Jersey state law.

### 3.3. Plaintiff ILHAN GOKSU

15. Plaintiff ILHAN GOKSU worked for Defendants from approximately February 22, 2022, to approximately January 26, 2023.

16. Plaintiff ILHAN GOKSU's work included collecting and arranging orders, packaging, and laser testing, among other tasks.

17. Plaintiff ILHAN GOSKU was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

18. Throughout his employment, Plaintiff, ILHAN GOSKU, was an employee of Defendants within the meaning of the FLSA and New Jersey state law.

### 3.4. Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts")

19. Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), entity ID #0400721513, is a New Jersey domestic business corporation, licensed to do business and doing business in the State of New Jersey as a retail store.

20. Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") is a supplier in sales and refurbishing of cell phone LCD and mobile device replacement parts.

21. Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") provides wholesale cell phone replacement parts to organizations throughout the United States.

22. Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") claims Some of the largest cell phone retailers, repair stores, corporations, and institutions have entrusted us as their

major strategic partner for premium quality replacement parts."

https://www.phonelcdparts.com/new-about-us

23.    Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") maintains its business and principal executive office address at 32 Riverview Drive, Wayne, NJ 07470.

24.    Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

25.    Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

26.    In the three years preceding the filing of this Complaint, Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") has had an annual gross volume of sales in excess of $500,000.00.

27.    Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts")'s hours of operation were six days per week.

28.    Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") had approximately thirty (30) employees.

29.    Upon information and belief, Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") is still an active business as an ongoing concern.

30.    Upon information and belief, Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") maintains a business account with Wells Fargo Bank.

31.    Upon information and belief, Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") maintains a business account with Valley Bank.

32.    Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") was Plaintiffs'

employer within the meaning of the FLSA and N.J.S.A.

33. Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") employed Plaintiffs within the meaning of the FLSA and N.J.S.A.

34. Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") had power to hire and fire Plaintiffs, set Plaintiffs' work schedules, direct, and supervise Plaintiffs, set Plaintiffs' amount, rate and method of payment, and maintain payroll records concerning Plaintiffs.

**3.5. Defendant ONDER SAYAR**

35. Defendant ONDER SAYAR is the owner of Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts").

36. Defendant ONDER SAYAR's address is 35 Beachmont Terrace, N. Caldwell, New Jersey, 07006.

37. Defendant ONDER SAYAR is the principal of Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts").

38. Defendant ONDER SAYAR holds himself out and represents that he is the owner of the Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts").

39. The business email address for Defendant ONDER SAYAR is Onder@phonelcdparts.com.

40. Defendant ONDER SAYAR owns, operates, or manages the phone number 201-423-0119.

41. Throughout Plaintiffs' employment, Defendant ONDER SAYAR managed Plaintiffs' work.

42. Defendant ONDER SAYAR participated in hiring employees like Plaintiffs.

43. Defendant ONDER SAYAR had power to terminate employees like Plaintiffs.

44. Throughout Plaintiffs' employment, Defendant ONDER SAYAR determined

Plaintiffs' rates of pay.

45.     Throughout Plaintiffs' employment, Defendant ONDER SAYAR exercised control over Plaintiffs' payroll records.

46.     Defendant ONDER SAYAR hired Plaintiff FARUK BILIR.

47.     Defendant ONDER SAYAR supervised Plaintiff FARUK BILIR.

48.     Defendant ONDER SAYAR set work hours of Plaintiff FARUK BILIR.

49.     Defendant ONDER SAYAR paid Plaintiff FARUK BILIR.

50.     Defendant ONDER SAYAR kept payroll records regarding Plaintiff FARUK BILIR to the extent that such records existed.

51.     Defendant ONDER SAYAR hired Plaintiff OZKAN KARAVELIOGLU.

52.     Defendant ONDER SAYAR supervised Plaintiff OZKAN KARAVELIOGLU.

53.     Defendant ONDER SAYAR set the work hours of Plaintiff OZKAN KARAVELIOGLU.

54.     Defendant ONDER SAYAR paid Plaintiff OZKAN KARAVELIOGLU.

55.     Defendant ONDER SAYAR kept payroll records regarding Plaintiff OZKAN KARAVELIOGLU to the extent that such records existed.

56.     Defendant ONDER SAYAR fired Plaintiff OZKAN KARAVELIOGLU.

57.     Defendant ONDER SAYAR paid Plaintiff ILHAN GOKSU.

58.     Defendant ONDER SAYAR controlled and managed the payroll records.

59.     Defendant ONDER SAYAR kept payroll records regarding Plaintiff ILHAN GOKSU to the extent that such records existed.

60.     Defendant ONDER SAYAR exercised sufficient control over Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts")'s operations to be considered Plaintiffs' employer under the FLSA and the N.J.S.A.

61.     Defendant ONDER SAYAR had power to hire and fire Plaintiffs, set Plaintiffs' work schedules, directed, and supervised Plaintiffs in at work, set Plaintiffs' amount, rate and method of payment, and maintained payroll records concerning Plaintiffs.

62.     At all times alleged herein, Defendant ONDER SAYAR was Plaintiffs' employer within the meaning of the FLSA and N.J.S.A.

**3.6. <u>Defendant ONUR OZBINAR</u>**

63.     Upon information and belief, Defendant ONUR OZBINAR is a principal of PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts").

64.     The residential address of Defendant ONUR OZBINAR is 6 W Parkway, Pequannock, New Jersey, 07440.

65.     The business email address for Defendant ONUR OZBINAR is onur@phonelcdparts.com.

66.     Defendant ONUR OZBINAR exercised operational control over the business decisions and management of Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts").

67.     Throughout Plaintiffs' employment, Defendant ONUR OZBINAR supervised the work of Plaintiffs performed and that of all other similarly situated employees.

68.     Throughout Plaintiffs' employment, Defendant ONUR OZBINAR managed Plaintiffs' work.

69.     Defendant ONUR OZBINAR participated in hiring Plaintiffs.

70.     Defendant ONUR OZBINAR participated in setting Plaintiffs' work schedules.

71.      Defendant ONUR OZBINAR participated in supervising Plaintiffs.

72.     Defendant ONUR OZBINAR participated in hiring Plaintiff FARUK BILIR.

73.     Defendant ONUR OZBINAR participated in supervising Plaintiff FARUK BILIR.

74.     Defendant ONUR OZBINAR participated in setting work hours and schedules of

Plaintiff FARUK BILIR.

75.     Defendant ONUR OZBINAR participated in hiring Plaintiff OZKAN KARAVELIOGLU.

76.     Defendant ONUR OZBINAR participated in supervising Plaintiff OZKAN KARAVELIOGLU.

77.     Defendant ONUR OZBINAR participated in hiring Plaintiff ILHAN GOKSU.

78.     Defendant ONUR OZBINAR participated in supervising Plaintiff ILHAN GOKSU.

79.     Defendant ONUR OZBINAR participated in setting work schedules and hours of Plaintiff ILHAN GOKSU.

80.     Defendant ONUR OZBINAR paid Plaintiff ILHAN GOSKU.

81.     Defendant ONUR OZBINAR exercised sufficient control over PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts")'s operations to be considered Plaintiffs' employer under the FLSA and the N.J.S.A.

82.     Defendant ONUR OZBINAR had power to hire and fire Plaintiffs, set Plaintiffs' work schedules, directed, and supervised Plaintiffs in at work, set Plaintiffs' amount, rate and method of payment, and maintained payroll records concerning Plaintiffs.

83.     At all times alleged herein, Defendant ONUR OZBINAR was Plaintiffs' employer within the meaning of the FLSA and N.J.S.A.

**3.7. <u>Defendant IHSAN ORUC</u>**

84.     Defendant IHSAN ORUC is an employee of Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts").

85.     Upon information and belief, Defendant IHSAN ORUC is a friend of Defendant ONDER SAYAR.

8

86.     Upon information and belief, Defendant IHSAN ORUC has been a friend of Defendant ONDER SAYAR for over ten years.

87.     Defendant IHSAN ORUC is an employee of Defendant ONDER SAYAR.

88.     Defendant IHSAN ORUC is an employee of Defendant ONUR OZBINAR.

89.     Defendant IHSAN ORUC is a resident of Parsippany-Troy Hills, NJ 07054.

**3.8. Defendant KUBILAY HAN BASCAVUS**

90.     Defendant KUBILAY HAN BASCAVUS is an employee of Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts").

91.     Upon information and belief, Defendant KUBILAY HAN BASCAVUS is an employee of Defendant ONDER SAYAR.

92.     Upon information and belief, Defendant KUBILAY HAN BASCAVUS is an employee of Defendant ONUR OZBINAR.

93.     Upon information and belief, Defendant KUBILAY HAN BASCAVUS is a friend of Defendant ONDER SAYAR.

94.     Upon information and belief, Defendant KUBILAY HAN BASCAVUS occasionally visits the workplace at Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts").

95.     Defendant KUBILAY HAN BASCAVUS is a resident of Parsippany-Troy Hills, NJ 07054.

**4.  COLLECTIVE ACTION ALLEGATIONS**

96.     Plaintiffs bring the claims in this Complaint arising out of the FLSA on behalf of themselves and all similarly situated employees who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "collective and class").

97.     The collective and class consists of approximately employees who have been victims

9

of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum and overtime wages.

98.    As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the collective and class by engaging in a pattern, practice, and/or policy of violating the FLSA and N.J.S.A. This pattern, practice, and/or policy includes, inter alia, the following:

      a.    failing to keep accurate records of hours worked by the collective and class as required by law; and,

      b.    failing to pay the collective and class minimum and overtime pay for all hours worked over forty.

99.    Defendants have engaged in unlawful conduct by adhering to a corporate policy that minimizes labor costs by denying employees their compensation.

100.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the collective and class.

101.    The collective and class would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Babylon Carriage House and are readily identifiable and locatable through its records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## 5.  CLASS ACTION ALLEGATIONS

102.    Plaintiffs bring this action pursuant to Rules 23(a) and 23(b) of the Rules of Civil Procedure, on behalf of herself and the following Class:

> all individuals currently or formerly employed by Defendants as non-exempt employees who have not received regular and/or overtime wages that are due and owed to them for overtime hours for six years preceding the date of commencement of this action.

103.    Plaintiffs also bring this action pursuant to Rules 23(a) and 23(b) of the Rules of Civil Procedure, on behalf of herself and the following subclass:

> all individuals currently or formerly employed by Defendants as non-exempt employees who have been a victim of Defendants' unlawful retaliatory practices.

104.    The classes are so numerous that joinder of all members is impracticable.

105.    There are questions of law or fact common to the class, including but not limited to

    a.    Whether employees of Defendants were paid overtime at a lawful rate under the N.J.S.A;

    b.    Whether Defendants maintained payroll records as required under the N.J.S.A;

    c.    Whether Defendants violations were knowing and/or willful;

    d.    Whether Defendants engaged in unlawful retaliation;

106.    The claims or defenses of the representative parties are typical of the claims or defenses of the class.

107.    The representative parties will fairly and adequately protect the interests of the class.

108.    Prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

109.    Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

110.    The questions of law or fact common to class members predominate over any

questions affecting only individual members,

111.    A class action is superior to other available methods for fairly and efficiently adjudicating the controversy given the class members' interests in individually controlling the prosecution or defense of separate actions, the extent and nature of any litigation concerning the controversy already begun by or against class members, the desirability or undesirability of concentrating the litigation of the claims in the forum, the likely difficulties in managing a class action.

## 6.  FACTUAL ALLEGATIONS

### 6.1.  Recordkeeping Allegations

112.    Upon information and belief, Defendants recorded the start and end times of each work shift of each Plaintiff.

113.    Alternatively, upon information and belief, Defendants did not keep accurate records containing the name and address of each employee.

114.    Alternatively, upon information and belief, Defendants did not keep accurate records containing total hours worked each day of each Plaintiff.

115.    Alternatively, upon information and belief, Defendants did not keep accurate records containing each workweek.

116.    Upon information and belief, Defendants kept records containing the wages paid to each Plaintiff.

117.    Alternatively, upon information and belief, Defendants did not keep accurate records containing the wages paid to each Plaintiff.

118.    Alternatively, upon information and belief, Defendants did not keep accurate records containing the regular hourly wage paid to each Plaintiff.

119.    Upon information and belief, Defendants did not keep accurate records containing

the gross to net amounts with itemized deductions and the basis on which wages were paid to each Plaintiff.

120.    Upon information and belief, Defendants did not keep a record showing the exact schedule of daily and weekly work hours that each Plaintiff was expected to follow.

121.    Alternatively, upon information and belief, Defendants kept a record showing the exact schedule of daily and weekly work hours that each Plaintiff was expected to follow.

122.    Upon information and belief, Defendants did not keep accurate payroll records for six years for each Plaintiff.

123.    Upon information and belief, Defendants did not maintain and preserve records substantiating the cost of furnishing such food or lodgings to each Plaintiff (if any).

124.    Upon information and belief, Defendants did not maintain and preserve records concerning the nature and amount of expenditures into the computation of the fair value of the food or lodging to each Plaintiff (if any).

125.    Upon information and belief, Defendants did not conspicuously post a notice in a place accessible to all employees of the employer's obligation to keep wage records.

**6.2. Wage and Hour Allegations**

**6.2.1. Plaintiff FARUK BILIR**

126.    Plaintiff FARUK BILIR was paid approximately $13 per hour for each hour worked, including each hour over forty (40) per week.

127.    Plaintiff FARUK BILIR did not receive compensation at the rate of time and a half the regular rate for each hour worked over forty (40), i.e., overtime.

128.    Plaintiff FARUK BILIR worked approximately six days per week.

129.    Plaintiff FARUK BILIR worked from approximately 10:00 AM to 10:00 PM three days per week, from 10:00 AM to 9:00 PM two days per week and 10:00 AM to 5:00 PM one day per

week.

130.    Plaintiff FARUK BILIR worked approximately 62 hours per week.

131.    Additionally, on or about the first week of September 2022, Defendant ONDER SAYAR required Plaintiff FARUK BILIR to do construction work at Defendant ONDER SAYAR's house, move furniture, and clean for approximately three (3) hours that was unpaid.

132.    Plaintiff FARUK BILIR was not given his last paycheck which was approximately $921.14.

### 6.2.2.  Plaintiff OZKAN KARAVELIOGLU

133.    Plaintiff OZKAN KARAVELIOGLU was paid $13 per hour for each hour worked, including each hour over forty (40) per week.

134.    For approximately one month, in approximately March 2023, Plaintiff OZKAN KARAVELIOGLU was paid $14 per hour for each hour worked, including each hour over forty (40) per week.

135.    Plaintiff OZKAN KARAVELIOGLU did not receive compensation at the rate of time and a half the regular rate for each hour worked over forty (40), i.e., overtime.

136.    Plaintiff OZKAN KARAVELIOGLU's pay rate did not change based on the number of hours worked.

137.    Plaintiff OZKAN KARAVELIOGLU was paid in cash.

138.    Plaintiff OZKAN KARAVELIOGLU worked approximately from approximately 10:00 AM to 9:30 PM with one thirty-minute break per work day.

139.    Approximately two weeks per month, Plaintiff OZKAN KARAVELIOGLU worked five days per week for approximately 55 hours per week.

140.    Approximately two weeks per month, Plaintiff OZKAN KARAVELIOGLU worked six days per week for approximately 66 hours per week.

### 6.2.3.  Plaintiff ILHAN GOKSU

141.    From approximately February 2022 to approximately April 16, 2022, Plaintiff ILHAN GOKSU was paid approximately $13 per hour.

142.    From approximately April 2022 to approximately January 26, 2023, Plaintiff ILHAN GOKSU was paid approximately $14 per hour.

143.    Plaintiff ILHAN GOKSU's pay rate did not change based on the number of hours worked.

144.    Plaintiff ILHAN GOKSU did not receive compensation at the rate of time and a half the regular rate for each hour worked over forty (40), i.e., overtime.

145.    Plaintiff ILHAN GOKSU was paid in cash.

146.    Plaintiff ILHAN GOKSU worked approximately six days per week.

147.    Plaintiff ILHAN GOKSU worked approximately five days per week from 10:00 AM to 8:30 PM and one day per week from 10:00 AM to 5:00 PM.

148.    Plaintiff ILHAN GOKSU worked approximately 56.5 hours per week.

### 6.3.  Assault, Battery, Intentional Infliction of Emotional Distress, Retaliation, and Whistleblowing Allegations

### 6.3.1.  Plaintiff FARUK BILIR

149.    Plaintiff FARUK BILIR resided in an apartment controlled by Defendant ONDER SAYAR.

150.    Upon information and belief, Defendant ONDER SAYAR subleased an apartment to Plaintiff FARUK BILIR.

151.    At the workplace, Plaintiff FARUK BILIR made a complaint to Defendant ONDER SAYAR that Defendant ONDER SAYAR did not pay sufficient wages.

152.    Plaintiff FARUK BILIR told other employees that lawful overtime wages were not being paid.

153.   Defendant ONDER SAYAR told Plaintiff FARUK BILIR that Plaintiff FARUK BILIR could leave if he did not want to work there.

154.   On or about November 28, 2022, Defendant ONDER SAYAR fired Plaintiff FARUK BILIR.

155.   Upon information and belief, Defendant ONDER SAYAR fired Plaintiff FARUK BILIR because Plaintiff FARUK BILIR complained that Defendant ONDER SAYAR did not pay overtime.

156.   On or about November 28, 2022, in the evening, Plaintiff FARUK BILIR posted a message on Instagram stating, in sum and substance, that the boss has money but does not have character.

157.   On or about November 28, 2022, Defendant ONDER SAYAR passed a message through Plaintiff OZKAN KARAVELIOGLU that Defendant ONDER SAYAR could hire a contract killer for $5,000 to kill Plaintiff FARUK BILIR.

158.   Also, on or about November 28, 2022, Defendant ONUR OZBINAR called Plaintiff FARUK BILIR and said that Defendant ONUR OZBINAR threatened Plaintiff FARUK BILIR.

159.   Upon information and belief, at the time of the threat, Defendant ONUR OZBINAR was on his way to Plaintiff FARUK BILIR's apartment.

160.   On November 28, 2022, Defendant ONUR OZBINAR went to Plaintiff FARUK BILIR's apartment and watched, as Defendant IHSAN ORUC and Defendant KUBILAY HAN BASCAVUS went to Plaintiff FARUK BILIR's apartment.

161.   Defendant IHSAN ORUC told Plaintiff FARUK BILIR that Defendant ONUR OZBINAR was on his way.

162.   Defendant IHSAN ORUC demanded that Plaintiff FARUK BILIR leave the

16

apartment immediately.

163.    Defendant IHSAN ORUC grabbed Plaintiff FARUK BILIR.

164.    Plaintiff FARUK BILIR escaped Defendant IHSAN ORUC's grip and got into the apartment.

165.    Defendant IHSAN ORUC and Defendant KUBILAY HAN BASCAVUS banged on the door.

166.    Defendant IHSAN ORUC threatened to call immigration if Plaintiff FARUK BILIR did not leave, saying that Plaintiff FARUK BILIR would have bigger problems and would not live in the country much longer.

167.    On or about November 29, 2022, Plaintiff FARUK BILIR went to the workplace to retrieve his belongings and collect approximately eight days (8) of wages that were due.

168.    When Plaintiff FARUK BILIR entered the workplace, Defendant ONDER SAYAR, Defendant IHSAN ORUC, Defendant KUBILAY HAN BASCAVUS confronted Plaintiff FARUK BILIR as other employees watched.

169.    Defendant IHSAN ORUC grabbed Plaintiff FARUK BILIR and Defendant KUBILAY HAN BASCAVUS punched Plaintiff FARUK BILIR.

170.    Defendant IHSAN ORUC and Defendant KUBILAY HAN BASCAVUS shoved Plaintiff FARUK BILIR out of the building.

171.    An ambulance took Plaintiff FARUK BILIR from the scene to the hospital.

172.    After the attack, Defendant ONDER SAYAR threatened the other employees, including Plaintiff OZKAN KARAVELIOGLU, to deny what happened.

173.    Upon information and belief, there were video surveillance cameras at the workplace.

174.    After the attack, Defendant ONDER SAYAR threatened take steps to prevent

Plaintiff FARUK BILIR from obtaining a green card.

175.    Plaintiff FARUK BILIR sustained physical and emotional trauma in amount to be determined at trial.

### 6.3.2. **Plaintiff OZKAN KARAVELIOGLU**

176.    Defendant ONDER SAYAR demanded that Plaintiff OZKAN KARAVELIOGLU change a statement that Plaintiff OZKAN KARAVELIOGLU had made to the police about the attack.

177.    When Plaintiff OZKAN KARAVELIOGLU refused to change the statement, Defendant ONDER SAYAR fired Plaintiff OZKAN KARAVELIOGLU.

178.    On or about March 2022, Defendant ONDER SAYAR fired Plaintiff OZKAN KARAVELIOGLU.

179.    Upon information and belief, Defendant ONDER SAYAR spoke to several employees to prevent them from serving as witnesses to the attack.

## 7.  **CLAIMS**

### 7.1.  **FIRST CLAIM – Fair Labor Standards Act – Unpaid Minimum Wage**

180.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

181.    Defendants PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

182.    Defendants PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR were required to pay Plaintiffs and the collective and class the applicable federal minimum wage rate.

183.    Defendants PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR failed to pay Plaintiffs and the collective and class the minimum

wages to which they are entitled under the FLSA.

184.    Defendants PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the collective and class.

185.    As a result of defendants' willful violations of the FLSA, Plaintiffs and the collective and class suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

**7.2. <u>SECOND CLAIM – New Jersey Statutes – Unpaid Minimum Wages</u>**

186.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

187.    The § 34:11-56A, ET SEQ. and the N.J.S.A. requires that employers pay employees a minimum wage for the first forty hours worked in a workweek.

188.    Defendants PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR are Plaintiffs' employers within the meaning of the N.J.S.A.

189.    Defendants PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR failed to pay Plaintiffs and other similarly situated employees the minimum wages to which they were entitled under the N.J.S.A. and its supporting regulations.

190.    Defendants PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR willfully violated the N.J.S.A. § 34:11-4:1, et. seq. by knowingly and intentionally failing to pay Plaintiffs the correct minimum hourly wage.

191.    As a result of Defendants' PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR violations of the N.J.S.A., Plaintiffs and other similarly

situated employees are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

**7.3. <u>THIRD CLAIM - Fair Labor Standards Act - Unpaid Overtime Wages</u>**

192.    Plaintiffs repeats and incorporates all foregoing paragraphs as if fully set forth herein.

193.    Defendants PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR were required to pay Plaintiffs and the collective and class one and one-half (1 and 1/2) times their regular wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

194.    Defendants PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiffs and the collective and class.

195.    Defendants PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR failed to pay Plaintiffs and the collective and class the overtime wages to which they were entitled under the FLSA.

196.    Defendants PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the collective and class the proper overtime wage rate.

197.    Due to Defendants' PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR violations of the FLSA, Plaintiffs and the collective and class are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**7.4. <u>FOURTH CLAIM - New Jersey Statutes - Unpaid Overtime Wages</u>**

198.    Plaintiffs repeats and incorporates all foregoing paragraphs as if fully set forth herein.

199.    Under New Jersey State Wage and Hour Law, Defendants PHONE LCD PARTS

LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR were required to pay Plaintiffs and other similarly situated employees one and one-half (1 ½) times their regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek.

200.    Defendants PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR failed to pay Plaintiffs and other similarly situated employees the overtime wages to which they were entitled to under the N.J.S.A. and its supporting regulations.

201.    Defendants PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR willfully violated the N.J.S.A. and its supporting regulations by knowingly and intentionally failing to pay Plaintiffs and other similarly situated employees overtime wages.

202.    Due to Defendants' PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts"), ONDER SAYAR, and ONUR OZBINAR willful violations of the N.J.S.A., Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre-judgment and post-judgment interest.

**7.5. <u>FIFTH CLAIM – Fair Labor Standards Act - Retaliation</u>**

203.    Plaintiffs repeat and realleges all foregoing paragraphs as if fully set forth herein.

204.    Defendants have willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

205.    Each Plaintiff is an "employee" within the meaning of 29 U.S.C. §§ 203(a) and 215(a)(3).

206.    Each Defendant is an "employer" under the FLSA.

207.    Individual Defendant ONDER SAYAR is a "person" within the meaning of 29

21

U.S.C. §§ 203(e)(1) and 215(a)(3), subject to individual liability for retaliatory conduct.

208.    Individual Defendant ONUR OZBINAR is a "person" within the meaning of 29 U.S.C. §§ 203(e)(1) and 215(a)(3), subject to individual liability for retaliatory conduct.

209.    Individual Defendant IHSAN ORUC is a "person" within the meaning of 29 U.S.C. §§ 203(e)(1) and 215(a)(3), subject to individual liability for retaliatory conduct.

210.    Individual Defendant KUBILAY HAN BASCAVUS is a "person" within the meaning of 29 U.S.C. §§ 203(e)(1) and 215(a)(3), subject to individual liability for retaliatory conduct.

211.    Plaintiff FARUK BILIR engaged in "protected conduct."

212.    Plaintiff OZKAN KARAVELIOGLU engaged in "protected conduct."

213.    Defendants subjected Plaintiffs to unlawful retaliation under the FLSA.

214.    Defendant IHSAN ORUC and KUBILAY HAN BASCAVUS aided and abetted in engaging in unlawful retaliation.

215.    Defendants' actions are meritless.

216.    Defendants took the foregoing action to discourage each Plaintiffs and others from participating in this action and to otherwise penalize Plaintiffs for asserting their rights.

217.    By the acts described herein and other acts, Defendants harassed, abused, and otherwise discriminated against Plaintiffs FARUK BILIR and OZKAN KARAVELIOGLU for protected activity.

218.    Defendants acted intentionally and with malice and reckless indifference to plaintiff's rights under the FLSA and are thereby liable to plaintiff for punitive damages under the FLSA.

219.    As a result of the aforesaid retaliatory activities, Plaintiffs suffered and will continue to suffer substantial losses, including but not limited to economic and non-economic damages, lost income, harm to reputation, physical harm, and emotional distress.

220.    As a result of the foregoing, Plaintiffs are entitled to all available economic,

noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorneys' fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

**7.6. <u>SIXTH CLAIM – New Jersey Statutes - Retaliation</u>**

221.    Plaintiffs repeat and realleges all foregoing paragraphs as if fully set forth herein.

222.    N.J.S.A. § 34:11-56a24 makes it unlawful for an employer to "take a retaliatory action against any employee by discharging or in any other manner discriminating against the employee because the employee has made any complaint to his employer ... that he has not been paid wages in accordance with the provisions of [the NJWHL]."

223.    N.J. Stat. Ann. § 34:1A-1.14 prohibits employers from discharging or in any other manner discriminating against employees who inquire or complaint to the employer regarding any possible violation by the employer of provisions of the act or any state wage, benefit, or tax law.

224.    As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff was an employee within the meaning of the NJWHL.

225.    As also described above, after Plaintiffs FARUK BILIR and OZKAN KARAVELIOGLU engaged in activity protected under the NJWHL, Defendants retaliated as shown herein against Plaintiff FARUK BILIR and Plaintiff OZKAN KARAVELIOGLU.

226.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NJWHL, Plaintiff FARUK BILIR and Plaintiff OZKAN KARAVELIOGLU has suffered, and continues to suffer, economic harm, for which each is entitled to an award of monetary damages and other relief.

227.    Plaintiff FARUK BILIR and Plaintiff OZKAN KARAVELIOGLU are each also entitled to compensatory damages, liquidated damages, and attorneys' fees for Defendants' violations of the NJWHL's anti-retaliation provisions.

228.    Plaintiff FARUK BILIR and Plaintiff OZKAN KARAVELIOGLU were discharged or discriminated against for making complaints or inquiry concerning state wage or benefit laws.

229.    As a result of the foregoing, Plaintiff FARUK BILIR and Plaintiff OZKAN KARAVELIOGLU are entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorneys' fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

### 7.7.  SEVENTH CLAIM – New Jersey Statutes – Conscientious Employee Protection Act

230.    Plaintiffs repeat and realleges all foregoing paragraphs as if fully set forth herein.

231.    N.J.S.A. 34:11-4.10, the Conscientious Employee Protection Act (CEPA), is to protect and encourage employees to report illegal or unethical workplace activities and to discourage public and private sector employers from engaging in such conduct.

232.    CEPA specifically aims to prevent retaliation against those employees who object to employer conduct which they reasonably believe to be unlawful or dangerous to the public health, safety or welfare.

233.    Plaintiffs FARUK BILIR and OZKAN KARAVELIOGLU disclosed or threatened to disclose to a supervisor or public body activities, policies, or practices of the employers that they reasonably believed were in violation of law, rule or regulation.

234.     Plaintiffs FARUK BILIR and OZKAN KARAVELIOGLU objected or refused to participate in activities, policies, or practices which Plaintiffs FARUK BILIR and OZKAN KARAVELIOGLU reasonably believed were in violation of law, rule, or regulation.

235.    Written disclosure was not required because Plaintiffs FARUK BILIR and OZKAN KARAVELIOGLU reasonably believed that the activities, policies, or practices were known to one or more supervisors including Defendant ONDER SAYAR.

236.    Written disclosure is not required because Plaintiffs FARUK BILIR and OZKAN KARAVELIOGLU reasonably feared physical harm because of the disclosures.

237.    Employers, such as Defendants, are prohibited from taking retaliatory action because Plaintiffs FARUK BILIR and OZKAN KARAVELIOGLU disclosed or threatened to disclose or objected to participating in activities, policies, or practices which Plaintiffs FARUK BILIR and OZKAN KARAVELIOGLU reasonably believed were in violation of law, rule or regulation.

238.    Plaintiffs FARUK BILIR and OZKAN KARAVELIOGLU attempted to draw attention to, and obtain a remedy for, perceived wrongdoing or improper conduct.

239.    Under N.J. Stat. Ann. § 34:19-7, Defendants were required to conspicuously display, and annually distribute to all employees, written or electronic notices of its employees' protections, obligations, rights and procedures under this act, and use other appropriate means to keep their employees so informed.

240.    Defendant PHONE LCD PARTS LLC (d/b/a "Phone LCD Parts") was an "employer" as defined in N.J. Stat. Ann. § 34:19-2.

241.    Defendant ONDER SAYAR was an "employer" as defined in N.J. Stat. Ann. § 34:19-2.

242.    Defendant ONDER SAYAR was a "supervisor" as defined in N.J. Stat. Ann. § 34:19-2.

243.    Defendant ONUR OZBINAR was an "employer" as defined in N.J. Stat. Ann. § 34:19-2.

244.    Defendant ONUR OZBINAR was a "supervisor" as defined in N.J. Stat. Ann. § 34:19-2.

245.    Plaintiff FARUK BILIR was an "employee" as defined in N.J. Stat. Ann. § 34:19-2.

246.    Plaintiff OZKAN KARAVELIOGLU was an "employee" as defined in N.J. Stat.

Ann. § 34:19-2.

247.    Defendant IHSAN ORUC aided and abetted in "retaliatory action" as defined in N.J. Stat. Ann. § 34:19-2.

248.    Defendant KUBILAY HAN BASCAVUS aided and abetted in "retaliatory action" as defined in N.J. Stat. Ann. § 34:19-2.

249.    As shown herein, Defendants engaged in "retaliatory action" as defined in N.J. Stat. Ann. § 34:19-2.

250.    Upper management participated in retaliatory action or showed willful indifference in their conduct.

251.    As a result of the foregoing, Plaintiffs FARUK BILIR and OZKAN KARAVELIOGLU are entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorneys' fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

**7.8. <u>EIGHTH CLAIM – Assault</u>**

252.    Plaintiffs repeat and realleges all foregoing paragraphs as if fully set forth herein.

253.    As shown herein, Defendants intended to cause harmful or offensive contact with Plaintiff FARUK BILIR.

254.    Plaintiff FARUK BILIR imminently apprehended such harmful or offensive contact because of the actions of Defendants.

255.    As a result of the foregoing, Plaintiff FARUK BILIR is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorneys' fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

**7.9.  NINTH CLAIM – Battery**

256.    Plaintiffs repeat and realleges all foregoing paragraphs as if fully set forth herein.

257.    Defendants intended to cause harmful or offensive contact with the person of Plaintiff FARUK BILIR.

258.    Defendants touched Plaintiff FARUK BILIR without Plaintiff FARUK BILIR's consent.

259.    As a result of the foregoing, Plaintiff FARUK BILIR is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorneys' fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

**7.10.     TENTH CLAIM – Intentional infliction of Emotional Distress**

260.    Plaintiffs repeat and realleges all foregoing paragraphs as if fully set forth herein.

261.    Defendants engaged in conduct, which is intentional or reckless, as alleged herein.

262.    Defendants' conduct was extreme and outrageous beyond all bounds of decency.

263.    Defendants caused severe emotional distress to Plaintiff FARUK BILIR.

264.    The conduct complained of was the proximate cause of emotional distress suffered by Plaintiff FARUK BILIR.

265.    As a result of the foregoing, Plaintiff FARUK BILIR is entitled to all available economic, noneconomic damages, compensatory and punitive damages, back pay, front pay, mental anguish and emotional distress damages, liquidated damages, attorneys' fees, costs, and interest and such other and further relief as this Court deems just in amounts to be determined at trial.

**7.11. ELEVENTH CLAIM – New Jersey Statutes - Dissemination of Information to Employees**

266.    Plaintiffs repeat and realleges all foregoing paragraphs as if fully set forth herein.

267.    Plaintiffs were not provided with written notice of their rate of pay and regular pay

day at the time of hiring.

268.    Plaintiffs were not informed of any change in pay rate or payday prior to the time o

the change.

269.    Plaintiffs were not furnished with a statement of deductions made from their wages

for each pay period during which deductions were made (if any).

270.    Plaintiffs were not provided with a written copy of the statement produced by the

Department of Labor regarding each Plaintiffs' rights with an explanation of how to file a claim or

take an action pursuant to those laws.

**8.  PRAYER FOR RELIEF**

**WHEREFORE**, cause having been shown, Plaintiffs respectfully prays for judgment

against Defendants providing the following relief:

a.  A declaratory judgment that Defendants' wage practices alleged herein violate the

minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.,

and attendant regulations;

b.  A declaratory judgment that Defendants' wage practices alleged herein violate the

overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and

attendant regulations;

c.  A declaratory judgment that Defendants' wage practices alleged herein violate the

New Jersey Wage and Hour Laws and regulations;

d.  An Order certifying this case as a collective action in accordance with 29 U.S.C. §

216(b) with respect to the FLSA claims set forth herein;

e.  An Order certifying this action as a class action pursuant to Fed R. Civ. P. 23 with

respect to the New Jersey law claims set forth herein;

f.  Ordering Defendants to disclose in computer format, or in print if no computer

readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all putative FLSA collective and Rule 23 class members;

g.  Requiring Defendant to provide an accounting to Plaintiffs of the amount of damages incurred by each Plaintiff and the collective and class members

h.  Authorizing Plaintiffs' counsel to send notice(s) of this action to all putative FLSA Collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Collective and Rule 23 class members of their rights by law to join and participate in this lawsuit;

i.  Designating Lead Plaintiffs as the representative of the FLSA Collective members and Rule 23 class members in this action;

j.  Designating the undersigned counsel as counsel for the FLSA Collective members and Rule 23 class members in this action;

k.  Judgment for damages for all unpaid minimum wage compensation and liquidated damages to which Plaintiffs and the FLSA Collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, et seq., and attendant regulations;

l.  Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiffs and the FLSA Collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, et seq., and attendant regulations;

m.  Judgment for damages for all unpaid minimum wage compensation and pre- and post-judgment interest to which Plaintiffs and the Rule 23 class members are lawfully entitled under the New Jersey law;

n.  Judgment for damages for all unpaid overtime compensation and pre- and post-judgment interest to which Plaintiffs and the Rule 23 class members are lawfully

entitled under the New Jersey law;

o.  An incentive award for the Lead Plaintiffs for serving as representative of the FLSA Collective and Rule 23 class members in this action;

p.  Declaring Defendants willfully violated the FLSA and the Department of Labor's attendant regulations;

q.  Declaring Defendants' violations were intentional, willfully oppressive, fraudulent and/or malicious;

r.  Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in this action as provided by the FLSA and New Jersey law;

s.  Judgment for any and all civil penalties to which Plaintiffs and the FLSA Collective and Rule 23 class members may be entitled;

t.  Judgment for damages against all Defendants, jointly and severally, for all lost wages, front pay, liquidated damages, punitive and liquidated damages to which Plaintiffs are lawfully entitled under 29 U.S.C. § 215(a)(3);

u.  Judgment for damages against all Defendants, jointly and severally, for all economic and non-economic damages, punitive damages, attorney's fees, costs, and interest to which each Plaintiff is entitled for retaliation under the FLSA;

v.  Judgment for damages against all Defendants, jointly and severally, for all economic and non-economic damages, punitive damages, attorney's fees, costs, and interest to which each Plaintiff is entitled for retaliation under the New Jersey law;

w.  Judgment for damages against all Defendants, jointly and severally, for all lost wages, front pay, liquidated damages, punitive damages to which Plaintiff is lawfully entitled under CEPA;

x.  Judgment for damages against all Defendants, jointly and severally, for all economic

and non-economic damages, punitive damages, attorney's fees, costs, and interest to which each Plaintiff is entitled for assault;

y.  Judgment for damages against all Defendants, jointly and severally, for all economic and non-economic damages, punitive damages, attorney's fees, costs, and interest to which each Plaintiff is entitled for battery;

z.  Judgment for damages against all Defendants, jointly and severally, for all economic and non-economic damages, punitive damages, attorney's fees, costs, and interest to which each Plaintiff is entitled for intentional infliction of emotional distress; and

aa.  awarding such other and further relief as the Court deems just and proper.

## 9.  **DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury in this action on all of the triable issues of this Complaint.

Dated: Astoria, New York
        August 31, 2023

Respectfully submitted,

By: */s/ Clifford Tucker*
    Clifford Tucker, Esq.
    Sacco & Fillas LLP
    3119 Newtown Ave, Seventh Floor,
    Astoria, NY 11102
    CTucker@SaccoFillas.com
    Ph: 718-269-2243

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New Jersey Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Asgari ücret, fazla mesai, çalışma saatlerinin yayılması, bahşişler, kanuni ve tasfiye edilen zararlar, avukatlık ücretleri, masraflar, faiz ve diğer meblağlar dahil ancak bunlarla sınırlı olmamak üzere ödenmemiş ücretlerin tazminine yönelik bir davada taraf davacı olmayı kabul ediyorum. ve federal Adil Çalışma Standartları Yasası, New Jersey İş Yasası ve uygulama yönetmelikleri ve ücret emirleri kapsamında benzer durumdaki diğer çalışanlar.

Sacco & Fillas LLP'ye, gerekli olabilecek davalar da dahil olmak üzere, sahip olabileceğim tüm iddiaları takip etme yetkisi veriyorum ve burada davacı olmaya ve bu davanın veya hükmün herhangi bir çözümüne bağlı olmaya izin veriyorum, kabul ediyorum ve seçeneğim var. mahkeme.

Name/ isim: _FARUK BILIR_

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/ imza: _____    Date/ tarih: _07/13/2023_

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New Jersey Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Asgari ücret, fazla mesai, çalışma saatlerinin yayılması, bahşişler, kanuni ve tasfiye edilen zararlar, avukatlık ücretleri, masraflar, faiz ve diğer meblağlar dahil ancak bunlarla sınırlı olmamak üzere ödenmemiş ücretlerin tazminine yönelik bir davada taraf davacı olmayı kabul ediyorum. ve federal Adil Çalışma Standartları Yasası, New Jersey İş Yasası ve uygulama yönetmelikleri ve ücret emirleri kapsamında benzer durumdaki diğer çalışanlar.

Sacco & Fillas LLP'ye, gerekli olabilecek davalar da dahil olmak üzere, sahip olabileceğim tüm iddiaları takip etme yetkisi veriyorum ve burada davacı olmaya ve bu davanın veya hükmün herhangi bir çözümüne bağlı olmaya izin veriyorum, kabul ediyorum ve seçeneğim var. mahkeme.

Name/ isim: _ILHAN GÖKSU_

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/ imza: _____    Date/ tarih: _7/13/2023_

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New Jersey Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Asgari ücret, fazla mesai, çalışma saatlerinin yayılması, bahşişler, kanuni ve tasfiye edilen zararlar, avukatlık ücretleri, masraflar, faiz ve diğer meblağlar dahil ancak bunlarla sınırlı olmamak üzere ödenmemiş ücretlerin tazminine yönelik bir davada taraf davacı olmayı kabul ediyorum. ve federal Adil Çalışma Standartları Yasası, New Jersey İş Yasası ve uygulama yönetmelikleri ve ücret emirleri kapsamında benzer durumdaki diğer çalışanlar.

Sacco & Fillas LLP'ye, gerekli olabilecek davalar da dahil olmak üzere, sahip olabileceğim tüm iddiaları takip etme yetkisi veriyorum ve burada davacı olmaya ve bu davanın veya hükmün herhangi bir çözümüne bağlı olmaya izin veriyorum, kabul ediyorum ve seçeneğim var. mahkeme.

Name/ isim: _ÖZKAN KARAVELİOĞLU_

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/ imza: _____    Date/ tarih: _07/13/2023_